UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JOE JENKINS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | 1:15-CV-312 |
| | ) | Judge Collier |
| DR. BRADLEY COWARD, BRADLEY COUNTY JAIL DENTIST | ) | Magistrate Judge Steger |
| | ) | |
| *Defendant*. | ) | |

# **MEMORANDUM**

Plaintiff, a federal inmate proceeding *pro se*, filed a complaint in Bradley County Chancery Court on September 18, 2015, against Defendant Mark Cowart, DDS,[1] for alleged injuries he suffered in connection with a partial tooth extraction. (Doc. 1-1; Pl.'s Compl. 2.) Read generously, the complaint alleges violations of Plaintiff's rights under the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Tennessee Constitution, as well as a state-law tort claim for medical malpractice. (*See id.*)

On November 13, 2015, before filing an answer or other responsive pleading, Defendant removed the suit to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1331. (Doc. 1.) On December 22, 2015, this Court entered an order directing Defendant to file a response to the complaint, Plaintiff to move for entry of default, or Plaintiff to show cause why the action should not be dismissed pursuant to Rule 41(b). (Doc. 3.) In response, Plaintiff filed a motion to remand (Doc. 4), to which Defendant responded in opposition (Doc. 5).[2]

---

[1] Plaintiff's complaint is styled *Joe Jenkins v. Dr. Bradley Coward, Bradley County Jail Dentist*. As Defendant has informed the Court that his name is actually Mark Cowart, DDS (*see* Doc. 5), the Court will refer to him accordingly.

[2] Defendant has also filed a motion for summary judgment (Doc. 6), which is not yet ripe.

In his motion, Plaintiff explains he wishes to drop his claim that Dr. Cowart violated his constitutional rights and proceed only with his state-law claims.[3] (Doc. 4.) As such, he requests that this Court remand those claims back to state court. (*Id.*) Defendant's argument in opposition is that Plaintiff has not properly amended his complaint, and thus, his Eighth Amendment claim remains to anchor the complaint within the jurisdiction of this Court. Defendant also submits this Court should retain jurisdiction because Plaintiff's medical malpractice claim does not state a claim under Tennessee law, and it would be more efficient for this Court to dispose of the malpractice claim rather than remand it for the state court to do so.

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a party to amend his complaint once as a matter of course within twenty-one days after serving it, or twenty-one days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Although more than twenty-one days have passed since Plaintiff filed his complaint, at the time Plaintiff moved to dismiss his constitutional claims, Defendant had yet to file a responsive pleading or a motion under Rule 12. The Rules thus permitted Plaintiff to amend his complaint as a matter of course. Although Plaintiff neglected to conform his motion to amend to the requirements of Local Rule 15.1, in light of the principle that "*pro se* complaints are liberally construed and . . . held to less stringent standards than the formal pleadings prepared by attorneys," *Bridge v. Ocwen Fed. Bank, FSB,* 681 F.3d 355, 358 (6th Cir. 2012), the Court construes his motion as seeking to amend his complaint. Because Rule 15(a)(1) permits him to do so, the Court deems Plaintiff's complaint amended to omit his Eighth Amendment claim.

---

[3] It is unclear from the language of the motion whether Plaintiff intends to dismiss his state constitutional claim as well as his federal constitutional claim. In keeping with the teaching of *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), the Court will liberally construe Plaintiff's motion as seeking only to dismiss his federal claim, not his state constitutional claim.

Lacking a federal claim, the next question is whether this Court should exercise supplemental jurisdiction over the state-law claims in Plaintiff's complaint pursuant to 28 U.S.C. § 1367(a).[4] The exercise of federal supplemental jurisdiction is discretionary. District courts may decline to exercise supplemental jurisdiction over a state-law claim if, among other circumstances, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). In making this discretionary decision, a district court should weigh "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *accord Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). When all federal claims have been dismissed, the preferred disposition of state law claims is dismissal, or, where a case has come into federal court on removal, remand to state court. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)).

The circumstances of Plaintiff's amendment give rise to the inference that Plaintiff is attempting to choose his preferred forum. Faced with a similar situation, the Supreme Court had this to say:

> This concern, however, hardly justifies a categorical prohibition on the remand of cases involving state law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case. A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case. The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims.

---

[4] There is no question the claims arise from a common nucleus of operative fact—Plaintiff's tooth extraction—and thus permit the exercise of supplemental jurisdiction. *See Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002).

3

*Id.* at 357. Heeding this advice, the Court will proceed to consider "the principles of economy, convenience, fairness, and comity," including, as appropriate, Plaintiff's attempt to litigate in the forum of his choosing. *Id.*

The first factor, if anything, weighs in favor of remand. The case has scarcely begun, and the Court has not yet invested substantial resources in its resolution. Defendant argues the absence of merit in Plaintiff's claims favors retaining jurisdiction. Without commenting on the merits, the Court is confident the Bradley County Chancery Court is fully as capable of separating the wheat from the chaff as is this Court. In fact, given that Plaintiff has raised a relatively rare "unnecessary rigor" claim under the Tennessee Constitution, *see* David L. Hudson Jr., *The Tennessee Constitution's 'Unnecessary Rigor' Provision*, Tenn. B.J., March 2015, at 12 (noting there is only one published case from Tennessee dealing with the provision), the state court may be in a better position to efficiently resolve this case than this Court.

The second factor, convenience, does not particularly favor either forum. Plaintiff is incarcerated at a federal facility in Forrest City, Arkansas, and presumably does not care whether he addresses his filings to the federal court in Chattanooga or the state court in Bradley County. Defendant is a dentist who practices at the Bradley County Jail in Cleveland, Tennessee, and is represented by an attorney located in Nashville, Tennessee. It is hard to see how Chattanooga would be an appreciably more convenient venue than Cleveland for either Defendant or his attorney.

The third factor directs a court to consider whether it is fair to grant remand. It is apparent that Plaintiff wishes to proceed in state court, and has structured his litigation strategy accordingly. But this does not necessarily imply bad faith. *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). Both parties have made tactical decisions in an attempt

obtain their preferred forum. Plaintiff chose to file a complaint alleging both federal and state claims in state court. Defendant decided to assert his right to remove to federal court. Confronted with a choice between his federal claims and a state forum, Plaintiff likewise chose to drop his federal claims and concentrate on his state claims. The Court does not see this as manipulative, but as straightforward litigation strategy. *See id.*

Importantly, the Court cannot see how remand would substantively harm Defendant's case in any way. Plaintiff has not caused unnecessary delay or expense or otherwise prejudiced Defendant; to the contrary, Plaintiff has been quite prompt, while Defendant's delay in responding to Plaintiff's complaint required the Court to issue a show-cause order directing him to respond. It is true that since Plaintiff moved for remand, Defendant has filed a motion for summary judgment along with several supportive filings. However, unlike outright dismissal, remanding the case to state court would not result in the loss of Defendant's work; rather, the case would simply proceed in its current posture, or at worst, Defendant would be required to refile his motion. The Court concludes this factor is at an equipoise, favoring neither party.

The fourth factor is that of comity, or mutual respect between courts of different jurisdictions. As a general matter, this principle counsels federal courts to avoid making needless decisions of state law. *E.g., United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). This is particularly true when the supplemental claims implicate difficult or unsettled issues of state law. *State of Tenn. ex rel. Pierotti v. A Parcel of Real Prop. Municipally Known as 777 N. White Station Rd., Memphis, Tenn.*, 937 F. Supp. 1296, 1306 (W.D. Tenn. 1996). All other things being equal, a Tennessee court is in a better position to opine on the meaning of the Tennessee Constitution's "unnecessary rigor" clause than this Court; accordingly, this factor favors remand.

5

In sum, considerations of economy and comity favor remand, and while principles of convenience and fairness do not advocate remand, neither do they pose obstacles to returning this case to state court. Therefore, having weighed the arguments on each side, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. The Court will **GRANT** Plaintiff's motion (Doc. 4) and **REMAND** this case back to Bradley County Chancery Court. There being no other issues in this case, the Court will **DIRECT** the Clerk of Court to **CLOSE** the case.

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

6

Case 1:15-cv-00312-CLC-CHS   Document 14   Filed 01/27/16   Page 6 of 6   PageID #: 77